[No. 3311–2–III.   Division Three.   March 4, 1980.]

ORIN H. ERICKSON, *Respondent*, v. FARGO VAN & STORAGE, INC., ET AL, *Appellants*.

*Michael P. Farris* and *Eberle, Farris & Nelson,* for appellants.

*R. Max Etter, Sr.,* for respondent.

GREEN, C.J.—Plaintiff–assignee brought this action to collect attorney fees and reimbursable costs. Summary judgment was granted against the defendants, and they appeal. The propriety of that judgment presents the sole issue for our review.

The law firm of Winston & Cashatt represented Fargo Van & Storage, Inc., in an action brought by Pauline Hacker in 1974. A 10–day trial occurred in September 1975. Fargo's principal officers, Milton and Amelee Hale, actively assisted in the defense of the action. In December 1975, the law firm forwarded their statement for services to Fargo. The Hales disputed the charges, claiming they had not authorized the firm to represent the corporation in the litigation and therefore the corporation was not liable for the fees. In order to protect Fargo's interest, the law firm timely filed a notice of appeal in May 1976. Later a civil appeal statement was filed and the law firm attended a settlement conference with a judge pro tempore of the Court of Appeals.

Fargo continued to deny liability for the law firm's services. Consequently, the law firm filed a motion to withdraw as Fargo's counsel on appeal. The firm also asked that the court enter an order and judgment awarding it reasonable attorney fees and reimbursement of advanced costs and requiring Fargo to post sufficient security for such sums before Fargo was permitted to continue with the appeal. Argument on this motion took place before the Commissioner of Division Three of the Court of Appeals on October 28, 1976. Amelee Hale was in attendance. There is

nothing in the record to indicate that Fargo intended to abandon the appeal. Perforcely, the inference is that Fargo intended to proceed with the appeal using substitute counsel. Following argument, the Commissioner remanded the case to the trial court

for the limited purpose of a reference hearing and entry of findings of fact as to [1] the circumstances surrounding the dispute and [2] the amount owed for attorney's fees.

On remand, the court found that (1) the dispute had arisen when Fargo denied liability for fees and costs and its officers refused to sign a formal representation agreement with the law firm; (2) Fargo and its officers had in fact authorized the employment of the law firm, based upon the officers' conduct in providing the firm with documents and information, acquiescing in the firm's preparation for trial, and actively participating in the trial itself; and (3) the fees and costs owed by Fargo to the firm were $14,534.53. The court also found that in June 1976, after the notice of appeal was filed, the law firm telephoned Fargo to determine if further action was desired. At that time, Fargo directed the appeal go forward and promised to send $2,500 to cover the cost of a transcript. The firm accepted this employment conditioned upon payment for appellate services and settlement of their claim for trial services. Although Fargo had notice of this reference hearing, it did not appear. These findings were transmitted to the Commissioner, who approved the law firm's withdrawal and conditioned Fargo's right to proceed with substitute counsel on its posting a $15,000 bond as security for the payment of the attorney fees and costs. Fargo did not move to modify the Commissioner's ruling and it did not post a bond. The appeal was ultimately dismissed.

Subsequently, the law firm assigned its claim to the plaintiff, who commenced this action. In November 1978, the plaintiff moved for summary judgment, asserting that the findings entered at the reference hearing were conclusive as to both the liability of Fargo for the award and the

amount of the award. The trial court granted the motion and entered an order of summary judgment. It is from this order that defendants appeal.

First, defendants contend the Commissioner did not have authority to order the reference hearing under RCW 2.44-.040, and, consequently, the Superior Court did not have jurisdiction to conduct the hearing and enter findings. As a result, the summary judgment based upon those findings must fall.

RCW 2.44.040 provides:

The attorney in an action . . . may be changed at any time before judgment or final determination as follows:

(1) Upon his own consent, filed with the clerk or entered upon the minutes; or

(2) Upon the order of the court, or a judge thereof, on the application of the client, or for other sufficient cause; but no such change can be made until the charges of such attorney have been paid by the party asking such change to be made.

Defendants claim that section (2) of this statute authorizes the court to award attorney fees only where the client has moved to substitute counsel, not where the attorney is the one that has moved to withdraw from the case. It is the plaintiff's position that, under the peculiar facts of this case, the law firm's motion to withdraw must be equated with a client's motion to substitute counsel. We agree with plaintiff's position.

Here, the law firm had invested substantial time and advanced costs in the defense of Fargo only to be told after trial that Fargo had not authorized their employment and would not pay for it. Notwithstanding, Fargo never moved to substitute counsel nor informed the Court of Appeals that it intended to abandon its appeal. As a result, the law firm, as attorney of record, was in the difficult position of being required by the court rules to proceed with the appeal at a time when the client was denying the firm ever had authority to represent it and refusing to pay for substantial services. This was not a simple disagreement over the amount of a fee. In these circumstances, the law firm

had no choice except to withdraw in favor of whatever counsel Fargo chose to employ and move for a bond to protect its unpaid fees. It is apparent that Fargo should have moved to substitute counsel but, when it did not, the Commissioner was correct in treating the law firm's motion as the equivalent of a motion by Fargo to change counsel within the meaning of RCW 2.44.040(2). Fargo by its inaction cannot be allowed to defeat the law firm's right to be secure in the payment of its fees.

Defendants' contention that the law firm's notice of withdrawal is governed by RCW 2.44.040(1) which does not provide for payment of fees is not well taken. That section governs a situation where the attorney has *consented* to the substitution of counsel. Here, the firm's withdrawal was not consensual, but rather was forced by the actions of Fargo.

Second, defendants argue that the findings of fact have neither res judicata nor collateral estoppel effect in this action. We find no error in the entry of the summary judgment as to the defendant Fargo. However, we reverse as to the defendants Hale.

The Commissioner's ruling remanded the Hacker case to the trial court for entry of findings as to (1) the circumstances surrounding the dispute, and (2) the amount owed for attorney fees and costs. To accomplish this direction, the court necessarily had to decide the liability of Fargo and the amount owed, if any, although the Commissioner ultimately used the court's findings only to fix a bond in the appeal. Fargo had notice of the Commissioner's ruling and of the reference hearing. It chose not to appear and participate. Under these facts, it is bound by the findings made at that hearing.

When Fargo abandoned its appeal, the law firm could have moved the court in the Hacker case to enter judgment based upon the findings entered following the reference hearing. Instead, plaintiff commenced this action and moved for summary judgment based on the Hacker findings. The present action is in reality a part of the Hacker

proceeding and is so intertwined with it as to be insepara-
ble even though it bears a different docket number. The
motion for summary judgment has the same effect as a
motion for judgment on the findings would have had in the
Hacker case. Form should not prevail over substance. The
same court entered the findings as entered the judgment.
The fact that the judgment was entered by a different trial
judge is of no moment because the entry was a pro forma
act based on the findings. Therefore, entry of summary
judgment as to the defendant Fargo was proper.

However, the defendants Hale were not parties to the
Hacker proceeding and their liability for attorney fees and
reimbursable costs was not before the trial judge in the ref-
erence hearing and hence not before the court in the sum-
mary judgment proceeding. Consequently, the summary
judgment as to them was in error.

Finally, it is contended that Fargo misunderstood the
nature and effect of the reference hearing and for that rea-
son did not attend. We find the Commissioner's ruling on
remand to be clear and precise in its directives. A copy of
this ruling was sent to Fargo and provided adequate notice
of the purpose of the hearing.

The judgment is affirmed as to the defendant, Fargo Van
& Storage, Inc., and reversed and remanded as to the
defendants Hale.

McINTURFF and ROE, JJ., concur.

Reconsideration denied April 3, 1980.

Review denied by Supreme Court June 6, 1980.